# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DAVID MANSFIELD,

      Plaintiff,

vs.                                                                                                                        No. CV 18-01081 MV/SMV

MRS. TURTELLO,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff David Mansfield (Doc. 1). The Court will dismiss the Complaint without prejudice for failure to comply with Court orders, failure to comply with statutes, and failure to prosecute.

Plaintiff David Mansfield is an incarcerated prisoner. He filed a Civil Rights Complaint on November 19, 2018. (Doc. 1). Mansfield did not pay the filing fee or submit an application to proceed without prepayment of fees or costs, as required pursuant to 28 U.S.C. § 1915. On November 20, 2018, the Court ordered him to cure the deficiency within 30 days of entry of the Order by either paying the filing fee or submitting an application to proceed under 28 U.S.C. § 1915. (Doc. 2). In its Order, the Court advised Mansfield that failure to cure the deficiency could result in dismissal of the case without further notice. (Doc. 2). The Court also provided Mansfield with a form application to proceed *in forma pauperis* under § 1915. (Doc. 2). Mansfield did not pay the filing fee, submit an application to proceed under § 1915, or otherwise responded to the Court's November 5, 2018 Order.

On May 3, 2019, the Court entered an Order to Show Cause, directing Mansfield to show

1

cause within 30 days why this case should not be dismissed for failure to comply with the Court's November 20, 2018 Order. (Doc. 4). The Order to Show Cause notified Mansfield that, if he failed to show cause within 30 days, the case could be dismissed without prejudice under Rule 41(b) without further notice. (Doc. 4). At this point, more than 30 days has elapsed since entry of the May 3, 2019 Order, and Mansfield has not shown cause or otherwise responded in any way to the Court's Order.

In addition, mail to Mansfield is being returned as undeliverable. (Doc. 5). It appears that Plaintiff has been transferred or released from custody without advising the Court of his new address, as required by D.N.M. LR-Civ. 83.6, thus severing contact with the Court. Pro se litigants are required to follow the federal statutes, rules of procedure, and simple, nonburdensome local rules and to comply with Court orders. *See Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980). The Court may dismiss an action under Rule 41(b) for failure to prosecute, comply with the rules of civil procedure, or comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Orders, failure to comply with 28 U.S.C. §§ 1914 and 1915, and failure to prosecute this proceeding.

**IT IS THEREFORE ORDERED** that the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff David Mansfield (Doc. 1) is **DISMISSED** without prejudice under Rule 41(b) for failure to comply with Court orders, failure to comply with 28 U.S.C. §§ 1914 and 1915 and failure to prosecute.

_____
UNITED STATES DISTRICT JUDGE